UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICARDO ARLIA GUEVARA,

      Petitioner,

v.

                               Case No.:  2:26-cv-01193-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court is Ricardo Arlia Guevara's Petition for a Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 10), and Arlia Guevara's reply (Doc. 12).

Arlia Guevara is a Venezuelan national who lawfully entered the United States through the Visa Waiver Program on April 25, 2021.  He later received temporary protected status ("TPS").  On April 9, 2026, roving Border Patrol agents arrested Arlia Guevara during a traffic stop, issued a notice to appear, and detained him at Alligator Alcatraz.  Arlia Guevara argues his detention is unlawful because he has TPS.  *See* 8 U.S.C. § 1254a(d)(4) ("An alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States.").  In response, the government acknowledges it could not detain Arlia

Guevara if he has TPS but argues his TPS expired on April 2, 2025.  Thus, this case hinges on whether Arlia Guevara currently has TPS.

The Department of Homeland Security ("DHS") designated Venezuela for TPS on October 3, 2023.  Arlia Guevara applied for it on December 10, 2023, and the U.S. Citizenship and Immigration Services ("USCIS") approved the application and granted Arlia Guevara TPS through April 2, 2025.  On January 17, 2025, DHS extended the 2023 designation through October 2, 2026.  Arlia Guevara applied for re-registration of TPS on January 29, 2025, but USCIS has not granted the renewal application.

On February 5, 2025, DHS terminated the 2023 designation and the 2025 extension.  *Termination of the October 3, 2023 Designation of Venezuela for Temporary Protected Status*, 90 FR 9040-01 (Feb. 5, 2025).  That termination and vacatur was set aside in *Nat'l TPS All. v. Noem*, 798 F. Supp. 3d 1108 (N.D. Cal. 2025), because the court found it violated the Administrative Procedures Act.  The Supreme Court stayed the district court's order, but it appears that stay has expired.  *See Noem v. Nat'l TPS All.*, 146 S. Ct. 23, 24 (2025) and *Nat'l TPS All. v. Noem*, 166 F.4th 739 (2026).  Arlia Guevara's petition and reply focus on the issues raised in *Nat'l TPS*—whether the 2025 termination and vacatur exceeded DHS's authority—but that is immaterial if Arlia Guevara's TPS expired on April 2, 2025.

The dispute comes down to whether Arlia Guevara's TPS was automatically extended when he re-registered. Arlia Guevara did not address this crucial question. The government argues a person's TPS is only renewed if USCIS approves the renewal application. The notice announcing the January 17, 2025 extension suggests the government is correct. *See Extension of the 2023 Designation of Venezuela for Temporary Protected Status*, 90 FR 5961-01 (Jan. 17, 2025) ("*If USCIS approves an individual's Form I-821, USCIS will grant the individual TPS through October 2, 2026.*") (emphasis added). USCIS did not approve Arlia Guevara's January 29, 2025 renewal application, and Arlia Guevara makes no effort to explain how his TPS could have extended beyond April 2, 2025, without USCIS approval.

Based on the evidence and argument presented, the Court finds that Arlia Guevara does not currently have TPS because USCIS did not approve his January 29, 2025 renewal application. Thus, Arlia Guevara is subject to discretionary detention under 8 U.S.C. § 1226(a). The government concedes he is entitled to a bond hearing, but he has not requested one.

Accordingly, it is hereby

**ORDERED:**

1. Ricardo Arlia Guevara's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.  The Clerk is **directed** terminate any pending motions and deadlines as moot, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1